RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/13/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| DALLAS C. TAYLOR | * | CIVIL ACTION NO. 11-2036 |
|---|---|---|
| VERSUS | * | JUDGE ROBERT G. JAMES |
| WARDEN, LOUISIANA STATE PENITENTIARY | * | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Petition for Writ of *habeas corpus* under 28 U.S.C. § 2254 [Doc Nos. 1, 6] filed by Petitioner Dallas C. Taylor ("Taylor"). On November 6, 2012, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 30] recommending that the Court deny the Petition and dismiss Taylor's claims. On November 21, 2012, the Clerk of Court received Taylor's Objections [Doc. No. 31].

Having reviewed the record in this matter, including Taylor's Objections, the Court agrees with and ADOPTS the Report and Recommendation of the Magistrate Judge. The Court issues this Ruling solely to address Taylor's possible new claim.

In his Objections, Taylor again argues that the evidence was insufficient to convict him. However, Taylor also argues that he was denied his rights under the Confrontation Clause because the victim was permitted to testify by videotape, rather than by live testimony. To the extent that Taylor raises this argument as a new claim, not merely to support his claim on the insufficiency of the evidence, this claim is also DENIED. First, Taylor failed to exhaust his state remedies with regard to this claim. Thus, for the same reasons the Magistrate Judge

recommended dismissal of his Claims Two and Three, this claim is also subject to dismissal. Moreover, even if Taylor had met the exhaustion requirement, this claim lacks substantive merit. The Second Circuit Court of Appeals noted in its opinion that, because of her age and declining health, the State and Taylor **stipulated** that the victim could testify by videotape. *State v. Taylor*, 3 So.3d 677, 679 n.1 (La. App. 2 Cir. 2009). Further, Taylor did not suffer any violation of his Confrontation Clause rights because the victim was subject to cross-examination by his attorney during the videotaped testimony. *Id.*

Accordingly, for the reasons set forth the in the Magistrate Judge's Report and Recommendation and for those additional reasons in this Ruling, Taylor's Petition is DENIED and DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 13 day of December, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE